IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JASON BOGE,<br><br>　　Plaintiff,<br><br>v.<br><br>DEERE & COMPANY,<br><br>　　Defendant. | CASE NO. 6:22-cv-2074-KEM<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

COMES NOW Defendant, Deere & Company ("Deere" or "Defendant"), and for its Answer and Affirmative Defenses states:

### INTRODUCTION

1. This is an action challenging Defendant's illegal discrimination, harassment and retaliation against Plaintiff under Iowa's common law and the Iowa Civil Rights Act.

**ANSWER: Defendant denies any illegal activities in paragraph 1 of Plaintiff's Lawsuit but concurs that Plaintiff's allegations are governed by the Iowa Civil Rights Act and Iowa common law.**

2. Plaintiff Jason Boge is a resident of Black Hawk County, Iowa.

**ANSWER: Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Lawsuit for lack of information. Upon information and belief, Plaintiff resided in Black Hawk County, Iowa during his employment.**

3. Defendant Deere and Company is an Iowa corporation doing business in Black Hawk County, Iowa.

**ANSWER:** **Defendant denies Paragraph 3 of Plaintiff's Lawsuit; Defendant is a Delaware corporation with its principal place of business in Moline, Illinois. Defendant is authorized to do business in Iowa.**

4. The acts of which Plaintiff complains occurred in Black Hawk County, Iowa.

**ANSWER:** **Defendant denies any such unlawful actions occurred but concurs that Plaintiff's allegations relate to Black Hawk County, Iowa.**

## PROCEDURAL REQUIREMENTS

5. On July 6, 2022, within 300 days of the acts of which he complaints, Plaintiff filed charges of employment discrimination, harassment, and retaliation against Defendant with the Iowa Civil Rights Commission.

**ANSWER:** **Defendant denies any act of discrimination, but concurs that Plaintiff timely filed with the Iowa Civil Rights Commission.**

6. On October 3, 2022, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges under the Iowa Civil Rights Act.

**ANSWER:** **Defendant admits the Right to Sue letter is dated October 3, 2022.**

## BACKGROUND FACTS

7. On August 30, 2021, Defendant hired Plaintiff to assemble tractors [sic] engines at the Engine Works.

**ANSWER:** **Defendant admits paragraph 7 of Plaintiff's Lawsuit.**

8. Plaintiff is disabled.

**ANSWER:** **Defendant denies paragraph 8 of Plaintiff's Lawsuit for lack of information.**

9. Plaintiff suffers from diagnosed Unspecified Mood Disorder and Post-Traumatic Stress Disorder which are considered disabling conditions.

**ANSWER: Defendant denies paragraph 9 of Plaintiff's Lawsuit for lack of information.**

10. Defendant was aware of Plaintiff's disabilities.

**ANSWER: Defendant denies paragraph 10 of Plaintiff's Lawsuit.**

11. Immediately after starting employment with Defendant, Plaintiff's supervisor and trainers began calling Plaintiff" slow" and unable to·" catch on" to the new things he was learning.

**ANSWER: Defendant denies paragraph 11 of Plaintiff's Lawsuit.**

12. Plaintiff's supervisor and co-workers made other demeaning and disparaging comments related to Plaintiff's disability.

**ANSWER: Defendant denies paragraph 12 of Plaintiff's Lawsuit.**

13. On October 7, 2021, Plaintiff reported safety hazards present in the ILS Engine area causing an employee to be injured. He also reported the discriminatory and harassing behavior of his supervisor and co-workers. The same day, his employment was suspended.

**ANSWER: Defendant denies paragraph 13 of Plaintiff's Lawsuit.**

14. On October 8, 2021, Plaintiff filed a complaint through John Deere's Compliance Hotline reporting that Plaintiff's supervisors were violating policies by not using the systems for mistake proofing, even when operating gas lines, which put people in danger.

**ANSWER: Defendant admits, in part, and denies, in part, the allegations in paragraph 14 of Plaintiff's Lawsuit. Defendant admits Plaintiff used the Compliance Hotline on October 6, 2021 but denies the remainder of paragraph 14.**

15. Plaintiff also reported that other safety measures were bypassed.

**ANSWER:** **Defendant denies the allegations in paragraph 15 in Plaintiff's Lawsuit.**

16. On October 11, 2021, Defendant terminated Plaintiff's employment.

**ANSWER:** **Defendant admits paragraph 16 in Plaintiff's Lawsuit.**

17. The reason provided for Plaintiff's termination is pretextual.

**ANSWER:** **Defendant denies paragraph 17 in Plaintiff's Lawsuit.**

## COUNT I
## VIOLATION OF IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION

18. Plaintiff repleads paragraphs 1 through 17 as if fully set forth.

**ANSWER:** **Defendant incorporates its responses to the allegations contained in Plaintiff's Lawsuit.**

19. Defendant discriminated against Plaintiff by terminating Plaintiff because of a diagnosed mental health condition in violation of the Iowa Civil Rights Act.

**ANSWER:** **Defendant denies paragraph 19 in Plaintiff's Lawsuit.**

20. Plaintiff's disability was a motivating factor in Defendant's actions.

**ANSWER:** **Defendant denies paragraph 20 in Plaintiff's Lawsuit.**

21. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, anguish, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, lost wages and employment benefits.

**ANSWER:** **Defendant denies paragraph 21 in Plaintiff's Lawsuit.**

## COUNT II
## VIOLATION OF IOWA CIVIL RIGHTS ACT
## HARASSMENT

22. Plaintiff repleads paragraphs 1 through 21 as if fully set forth.

**ANSWER: Defendant incorporates its responses to the allegations contained in Plaintiff's Lawsuit.**

23. Plaintiff's supervisor and co-workers harassed Plaintiff related to his mental health conditions in the form of directed, disparaging and degrading comments.

**ANSWER: Defendant denies paragraph 23 in Plaintiff's Lawsuit.**

24. Defendant's harassment was based on Plaintiff's disability. Plaintiff's submission to the harassment was an implied condition for receiving job benefits.

**ANSWER: Defendant denies paragraph 24 in Plaintiff's Lawsuit.**

25. Defendant was notified of the harassment and did nothing to stop it.

**ANSWER: Defendant denies paragraph 25 in Plaintiff's Lawsuit.**

26. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, anguish, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, lost wages and employment benefits.

**ANSWER: Defendant denies paragraph 26 in Plaintiff's Lawsuit.**

## COUNT III
## VIOLATION OF IOWA CIVIL RIGHTS ACT
## RETALIATION

27. Plaintiff repleads paragraphs 1 through 26 as if fully set forth.

**ANSWER: Defendant incorporates its responses to the allegations contained in Plaintiff's Lawsuit.**

28. Plaintiff reported the harassing and discriminating behavior of his supervisors and co-workers to Defendant's Compliance Hotline on October 6, 2021.

**ANSWER: Defendant, admits, in part, and denies, in part, the allegations in paragraph 28 of Plaintiff's Lawsuit. Defendant admits Plaintiff made a report on October 6, 2021 through the Compliance Hotline; however, Defendant denies that the report was regarding harassing and discriminating behaviors as alleged.**

29. As a result of reporting discriminatory and harassing behavior, Plaintiff's employment was suspended on October 7, 2021.

**ANSWER: Defendant denies paragraph 29 in Plaintiff's Lawsuit.**

30. As a result of reporting discriminatory and harassing behavior, Plaintiff's employment was terminated on October 11, 2021.

**ANSWER: Defendant denies paragraph 30 in Plaintiff's Lawsuit.**

31. Plaintiff's report of discriminatory and harassing behavior was a determining factor in causing his suspension, and eventual termination.

**ANSWER: Defendant denies paragraph 31 in Plaintiff's Lawsuit.**

32. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, anguish, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, lost wages and employment benefits.

**ANSWER: Defendant denies paragraph 32 in Plaintiff's Lawsuit.**

## COUNT IV
## RETALIATION IN VIOLATION OF PUBLIC POLICY
## COMPLAINTS ABOUT WORKPLACE SAFETY

33. Plaintiff repleads paragraphs 1 through 32 as ii fully set forth.

**ANSWER:** **Defendant incorporates its responses to the allegations contained in Plaintiff's Lawsuit.**

34. It is against the public policy of the State of Iowa, pursuant to Iowa Code Section 88.9(3), to discharge or in any way discriminate against an employee for reporting workplace safety issues to IOSHA.

**ANSWER:** **Paragraph 34 is a statement of law and not fact. To the extent Defendant is required to respond to a statement of law, Defendant denies the same.**

35. Defendant fired Plaintiff for complaining about unsafe working conditions.

**ANSWER:** **Defendant denies paragraph 35 in Plaintiff's Lawsuit.**

36. Defendant's termination of Plaintiff violated the public policy of the State of Iowa.

**ANSWER:** **Defendant denies paragraph 36 in Plaintiff's Lawsuit.**

37. If allowed to go unremedied, Plaintiff's termination would frustrate the well-recognized and defined public policy of the State of Iowa because it would have a chilling effect on employees' willingness to exercise their rights and discourage people from reporting unsafe working conditions.

**ANSWER:** **Defendant denies paragraph 37 in Plaintiff's Lawsuit.**

38. Plaintiff's protected activity was a determining factor in Defendant's decision to fire him.

**ANSWER:** **Defendant denies paragraph 38 in Plaintiff's Lawsuit.**

39. Defendant acted with willful and wanton disregard for Plaintiff's rights and safety.

**ANSWER:** **Defendant denies paragraph 39 in Plaintiff's Lawsuit.**

40. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, anguish, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, lost wages and employment benefits.

**ANSWER:** **Defendant denies paragraph 40 in Plaintiff's Lawsuit.**

## JURY DEMAND

Plaintiff requests trial by jury in this matter.

**ANSWER:** **Defendant makes no response.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's lawsuit, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages if any are found to exist.

3. Defendant acted in good faith at all times and with reasonable grounds for believing it was not violating the Iowa Civil Rights Act or any law with respect to Plaintiff.

4. To the extent Defendant made any decisions related to Plaintiff, it would have made the same decision notwithstanding any implicated protection.

5. Defendant affirmatively states that its conduct was within the reasonable expectations of the parties and consistent with the foregoing, Defendant did not directly or indirectly fail to perform any acts constituting a violation of any rights, if any, of the Plaintiff or violation of any duty or obligations, if any, owed to the Plaintiff.

6. All conduct by Defendant was justified for bona fide legitimate, non-discriminatory, and non-retaliatory business reasons.

7. Plaintiff's claims are barred by the statute of limitations and/or are preempted by statute.

8. Defendant's actions with respect to the Plaintiff were justified and were in good faith.

9. Plaintiff's damages, if any, were caused or contributed to by his own actions over which Defendant had no control.

10. To the extent Plaintiff inserts facts and claims in this litigation not raised and preserved with the Iowa Civil Rights Commission and/or the EEOC, Defendant asserts they are barred for failure to preserve and comply with the administrative scheme, would be untimely if asserted herein and/or a failure to exhaust administrative remedies.

11. Defendant reserves the right to assert additional defenses as Plaintiff's claims are developed during the course of this litigation.

/s/ Michele L. Brott
Michele L. Brott, AT0010068
Logan Kraus, AT0013433
DENTONS DAVIS BROWN P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: michele.brott@dentons.com
Email: logan.kraus@dentons.com

ATTORNEYS FOR DEFENDANT

Copy to:

Erin M. Tucker
Tucker Law Office, PLLC
2400 86th Street, Suite 35
Des Moines, IA 50322-4306
Email: erintucker@tuckerlaw.net

ATTORNEY FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on December 21, 2022 by:

☐ U.S. Mail  ☐ EDMS

☐ Hand Delivered  ☒ Other: CM-ECF

Signature: /s/ Michele L. Brott